Case 2:11-cr-00801 Document 135 Filed in TXSD on 03/13/17 Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | 2:11-CR-801 |
| | § | (2:14-CV-388) |
| RICHARD ANGEL GONZALES, | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Richard Angel Gonzales (Gonzales) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, along with a memorandum in support. D.E. 103, 104.[1] The government responded to the motion, Gonzalez filed additional briefing. The Court appointed counsel to brief Gonzalez' *Johnson* claims. D.E. 115, 118, 119, 120, 128, 129, 131. The government filed additional evidence regarding Gonzales' previous convictions. D.E. 134. For the reasons set forth herein, Gonzales' § 2255 motion is denied and he is denied a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Gonzales was indicted on three felon in possession counts in August 2011. In Count One, he was charged with possession of a Taurus pistol, in Count Two with possession of

---

[1] Docket entry numbers (D.E.) refer to the criminal case.

1

19 rounds of .380 ammunition, and in Count Three possession of 12 rounds of .45 caliber ammunition, all in violation of Title 18, United States Code §§ 922(g)(1) and 924(a)(2). D.E. 1. Trial took place in January 2012. The jury found Gonzales guilty on all charges.

The Probation Department prepared the Presentence Investigation Report (PSR). D.E. 63. Gonzales qualified under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which increased his offense level. *Id.*, ¶ 30. Gonzales' actual criminal history category was VI, the same as mandated under the ACCA. *Id.* at ¶ 42. His guideline range of imprisonment was calculated to be 262 to 327 months, with a mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e). *Id.*, ¶ 65.

During sentencing the government offered certified copies of Gonzales' previous convictions: 1996 attempted murder (Ex. 3, CR-0189-97), 1999 attempted murder (Ex. 4, CR-2506-99), and aggravated assault on a public servant (Ex. 5, 99-CR-313). Each exhibit bore Gonzales' name and included one or more fingerprints. *Id.*, pp. 39-43; D.E. 66.

After the Court ruled on the defense objections, the Court found Gonzales' offense level was reduced to 33; he qualified as an Armed Career Criminal; he was a danger to the community, and his sentencing range was 235 to 293 months. The Court sentenced Gonzales to 293 months, followed by five years supervised release. D.E. 80, pp. 52, 56-57.

The Fifth Circuit Court of Appeals affirmed Gonzales' judgment. *United States v. Gonzales*, No. 12-40293 (5th Cir. Jan. 16, 2013) (per curiam) (unpublished).

### III.  MOVANT'S ALLEGATIONS

Gonzales brings the following claims: 1) the district court abused its discretion when applying the enhancement pursuant to 18 U.S.C. § 924(e) by failing to review

2

*Shepard* approved documents, 2) Gonzales' request for relief is proper under the Savings Clause of § 2255(e), and 3) *Moncrieffe* and *Descamps* are retroactively applicable and make Gonzales' enhancement improper. Gonzales also filed a Memorandum of Law.[2]

Gonzales filed a supplemental claim on November 3, 2015, challenging his status as an armed career criminal pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Gonzales filed further briefing in December 2015 in which he referenced *Booker*, argued that his Fourth, Fifth, and Sixth Amendment rights were violated, and that his counsel was ineffective both at trial and on appeal. D.E. 119. He also appeared to claim that he should have been examined for competency and that "he was unaware of the serious disability that he might have had at the time." *Id*.

The government identified two claims made by Gonzales. It argued that his claim regarding the enhancement of his sentence was barred because Gonzales failed to show "cause and prejudice." At the time the government responded, *Johnson* had not yet been made retroactive. The Court ordered further briefing after *Welch v. United States*, 136 S.Ct. 1257 (2016). The government requested that Gonzales clarify his claims under *Johnson* and that the government have further opportunity to respond.

Gonzales filed a reply as did his appointed counsel. The government filed further briefing and additional evidence. D.E. 134.

---

[2] The Memorandum appears to have been written for a different case and contains portions allowing a litigant to "fill-in-the-blanks." D.E. 104.

## IV.   ANALYSIS

**A.   28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.   Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f). A judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Gonzales' initial motion was timely filed. However, Gonzales filed a document in December 2015 that supplemented his original filing. D.E. 119. He raised multiple additional claims including ineffective assistance of trial and appellate counsel.

Although a § 2255 movant may amend his pleading, such amendment must also comply with the requirements of the statutory time limitations on the filing of a § 2255

motion. *Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."); Fed. R. Civ. P. 15(c).

Gonzales' supplemental claims are unrelated to his original grounds. Because his new claims are unrelated and filed after October 15, 2014, the Court will not consider new claims raised in D.E. 119.

Gonzales filed a further supplement in June 2016 (D.E. 129) raising a *Johnson* claim. *Johnson* was decided on June 26, 2015. Gonzales' supplemental claim on that ground is timely. *See* 28 U.S.C. § 2255(f)(3).

## C. The District Court Allegedly Failed to Review *Shepard* Approved Documents Before Applying the Enhancement for the ACCA

Gonzales argues that the Court failed to review *Shepard*[3] approved documents before deciding that he qualified as an armed career criminal. The Court reviewed the government's exhibits at sentencing. *See* D.E. 80, pp. 39-43. The record contradicts Gonzales' claim.

## D. *Descamps* and Savings Clause Claims

Gonzales argued that he is entitled to relief under *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013). *Descamps* clarified the use of the modified categorical approach. *See United States v. Morgan*, 845 F.3d 664 (5th Cir. 2017). *Moncrieffe* addressed the use of prior drug offenses as controlled substance

---

[3] *Shepard v. United States*, 544 U.S. 13, 17 (2005). In determining whether an offense satisfies the ACCA, a court is limited to "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *Id*. at 16.

5

offenses during immigration proceedings and has no application here.

The savings clause § 2255(e) provides an avenue for a litigant to use 28 U.S.C. § 2241 when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Pack v. Yuseff*, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause does not apply in this case.

**E.     *Johnson* Claim**

Gonzales next challenged his predicate offenses pursuant to *Johnson*. *Johnson* held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added in *Johnson*). As a result, any defendant sentenced under the ACCA must have three predicate violent felonies that either qualify under the use of force clause in § 924(e)(2)(B)(i) or are enumerated in § 924(e)(2)(B)(ii). Gonzales' predicate felonies are not enumerated. Unless three offenses involve the use, attempted use, or threatened use of force, Gonzales does not qualify for enhancement.

When a court classifies a prior offense for enhancement purposes, it employs a categorical approach and looks to the statutory definition of the prior offense rather than

the defendant's underlying conduct. *Shepard*, 544 U.S. at 17; *Taylor v. United States*, 495 U.S. 575, 600 (1990). When a statute sets forth alternative elements, courts may use the modified categorical approach by examining a limited class of documents to determine which of the alternative elements formed the basis of the prior conviction. *Mathis v. United States*, 136 S.Ct. 2243 (2016); *United States v. Miranda–Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012).

### 1. Attempted murder 1996

Gonzales was convicted of two counts of attempted murder in 1996.[4] D.E. 134-1, 134-2. The Indictment charged him with "intentionally and knowingly with the specific intent to commit the offense of murder, did then and there attempt to cause the death of an individual M.R., the victim, by the use of a deadly weapon, to wit: a knife . . . by stabbing the victim with a deadly weapon, to-wit: a knife." D.E. 134-1. The second attempted murder was charged differently, "intentionally and knowingly cause bodily injury to G.S., the victim, by the use of a deadly weapon, to-wit: a knife . . . by stabbing the said victim with the said knife." D.E. 134-1, p. 2 (Count Four), D.E. 134-2, p. 1.

Murder in Texas may be accomplished by:

(1) intentionally or knowingly caus[ing] the death of an individual;

(2) intend[ing] to cause serious bodily injury and commit[ting] an act clearly dangerous to human life that causes the death of an individual; or

(3) commit[ting] or attempt[ing] to commit a felony, other than manslaughter, and in the course of and in furtherance of the commission

---

[4] Cause No. CR-189-97 in the 370th Judicial District, Hidalgo County, Texas. The two attempted murders were part of a single offense. Only one of them can be considered because the ACCA requires that the three offenses be "committed on occasions different from one another."

7

> or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex. Penal Code Ann. § 19.02(b) (eff. Jan. 1, 1994).

As narrowed by the indictment, Gonzales was charged under § 19.02(b)(1) with attempted murder of M.R. by using a deadly weapon with intent to cause the death of an individual. Gonzales was charged under § 19.02(b)(2) for the attempted murder of G.S.

Attempted murder is generally considered a "prototypically violent crime" *James v. United States*, 550 U.S. 192, 208 (2007), *overruled on other grounds by Johnson v. United States*, 135 S.Ct. 2551 (2015). This Court has not found any Fifth Circuit guidance on whether Texas attempted murder has as an element of the use, attempted use or threatened use of force. Courts in other jurisdictions have concluded that other state's attempted murder convictions are proper predicate offenses under the use of force clause. *United States v. Senecharles*, 660 Fed. App'x. 812, 815 (11th Cir. Aug. 31, 2016) (per curiam) (unpublished) (Florida attempted first degree murder was predicate offense for ACCA under "use of force clause"); *see also United States v. Pittro*, 646 Fed. App'x. 481, 485 (6th Cir. Apr. 29, 2016) (per curiam) (unpublished) (Florida assault with intent to commit murder qualified as violent felony under use of force clause of ACCA); *United States v. Checora*, 155 F. Supp.3d 1152, 1198 (D. Utah 2015) (impossible to cause death without applying physical force citing *United States v. Castleman*, 134 S.Ct. 1405, 1414-15 (2014)). Gonzales' use of a deadly weapon involved the use of force. The Court finds that Gonzales' attempted murder convictions in 1996 qualify as a predicate offense under the use of force provision.

## 2. Attempted murder 1999

Gonzales was again convicted of attempted murder in 1999.[5] The Indictment charged him "with the specific intent to commit the offense of capital murder,[6] while in the course of committing and attempting to commit burglary of a habitation belonging to R.J.G., the victim, attempted to cause the death of said victim by shooting at and in the direction of the said victim." D.E. 134-3. The Judgment reflects that he pleaded guilty to attempted murder. D.E. 134-4.

In addition to the analysis in Part IV(E)(1) above, courts have found that shooting at another constitutes a use of force. "[I]n *Hernandez–Rodriguez*, this court held that the 'conscious choice to discharge a firearm in the direction of an individual would constitute a real threat of force against his person.'" *United States v. Ovalle-Chun*, 815 F.3d 222, 227 (5th Cir. 2016) (quoting *United States v. Hernandez-Rodriguez*, 467 F.3d 492, 495 (5th Cir. 2006)); *see also United States v. Fogg*, 836 F.3d 951, 956 (8th 2016) (reckless discharge of a firearm at or towards a person qualifies as a predicate offense under the ACCA's use of force subsection); *United States v. Hernandez*, 568 F.3d 827, 828 (10th Cir. 2009) (firing a gun at or in direction of another involves the use or attempted use of physical force against another).The Court finds that Gonzales' attempted murder conviction in 1999 qualifies as a predicate offense under the use of force provision.

---

[5] Cause No. CR-2506-99 in the 370th Judicial District of Hidalgo County, Texas.

[6] Intentional killing in the course of committing another felony is capital murder pursuant to § 19.03((a)(2).

9

### 3. Aggravated assault on a public servant

Gonzales was convicted of aggravated assault on a public servant in 2001.[7] D.E. 134-6. He was charged with "intentionally, knowingly or recklessly caus[ing] bodily injury to J.L. . . . and the defendant did then and there use or exhibit a deadly weapon, to-wit: an automobile during the commission of said assault . . ." D.E. 134-5.

The elements of aggravated assault are: (1) a person intentionally, knowingly, or recklessly causes serious bodily injury to another or (2) uses a deadly weapon when intentionally, knowingly, or recklessly causing bodily injury to another. Tex. Penal Code Ann.§§ 22.02(a).[8] Gonzales was charged with violating § 22.02(a)(2). He caused bodily injury while using a deadly weapon.

Texas aggravated assault using a deadly weapon includes the use of or threatened use of force, such that it qualifies as a violent felony. *United States v. Shepherd*, No. 848 F.3d 425, 427-28 (5th Cir. 2017); *United States v. Guzman*, 797 F.3d 346, 347 (5th Cir. 2015); *United States v. Herrera-Alvarez*, 753 F.3d 132, 142 (5th Cir. 2014) (physical contact and use of deadly weapon constitutes use of force, finding Louisiana aggravated battery constitutes a crime of violence). The Court finds that the aggravated assault required use or threatened use of force and is therefore a proper predicate ACCA offense.

---

[7] Cause No. 99-CR-313, in the 381st District Court of Starr County, Texas.

[8] Aggravated assault on a public servant requires the additional element of proof that the victim is someone "the actor knows is a public servant while the public servant is lawfully discharging an official duty." That portion of the indictment is not necessary to today's analysis.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gonzales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Gonzales is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

Gonzales' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 103) is DENIED. He is also denied a Certificate of Appealability.

It is so ORDERED this 13th day of March, 2017.

                                                            *Hayden Head*
                                                            HAYDEN HEAD
                                                            SENIOR U.S. DISTRICT JUDGE